## Case No. 17,633.

### In re WILBUR.

[1 Ben. 527;[1] 3 N. B. R. 276 (Quarto, 71).]

District Court, E. D. New York. Nov., 1867.

BANKRUPTCY—RIGHTS OF CREDITORS—PRIOR LEVIES—INJUNCTION.

1. Where judgments were obtained in good faith against a bankrupt, and levies, on executions issued under them, were made prior to the filing of his petition in bankruptcy, after which injunctions were granted by the bankruptcy court, which, after the lapse of several months, the creditors moved to dissolve, the assignee in bankruptcy having taken no steps in the matter, *Held*, that as it did not appear that the property levied upon was worth more than the amount of the judgments, nor that a sale by the assignee would realize any more than a sale by the sheriff, and as there was no proof that any advantage would result to any creditor by continuing the injunction, it must be dissolved.

2. The rights acquired by the judgment creditors by their levy must be preserved to them.

3. Whether the bankruptcy court has power to assume possession and control of property levied on by a sheriff prior to the proceedings in bankruptcy—quere.

This was a motion made in behalf of certain judgment creditors of the bankrupt [Jeremiah G. Wilbur] for the dissolution of an injunction previously issued by this court restraining them from proceeding to collect upon execution the amount of certain judgments which they had obtained in a state court, and upon which execution had been issued and a levy made upon certain personal property prior to the filing of the bankrupt's petition.

BENEDICT, District Judge. It is clear, upon principle, and also, as I think, from the general scope of the provisions of the bankrupt act [of 1867 (14 Stat. 517)], that any rights which these judgment creditors have acquired in the personal property in question, by reason of their levy made prior to the filing of the bankrupt's petition, are to be preserved to them, and cannot be destroyed by the subsequent proceedings in bankruptcy. Whether, in any case, this court has the power, by virtue of any provision in the act, to assume the possession and control of the property levied upon by a sheriff prior to the proceedings in bankruptcy, and compel the judgment creditors to receive their debt at the hands of this court out of the proceeds realized from a sale of such property to the assignee in bankruptcy, is a question not

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

free from difficulty. But, if such a power exists, it is to be exercised with caution, and not to be resorted to unless it appear necessary to protect some substantial right or prevent injustice. As this case appears from the papers, no advantage will be derived from the interfering with the proceedings upon the execution in the hands of the sheriff. It is not claimed by the assignee that the property levied upon exceeds in value the amount of the judgments, nor that a sale of it by the assignee will realize any greater sum than a sale by the sheriff. Although the injunction was granted in July, and the assignee appointed September 3d, it does not appear that the assignee has made any demand upon the sheriff for the property, or taken any steps towards securing possession of it; nor has any application been made by him for leave to discharge the levy by payment of the amount due upon the judgments, while it is conceded that the judgments were obtained in good faith, without fraud or collusion. Upon such a state of facts, and in the absence of evidence of any advantage to result to any creditor from the interference of this court by a continuance of the injunction, I have no hesitation in directing it to be dissolved.